IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,444-02






EX PARTE CLAY REED CHABOT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-86-98639-UP IN THE 203RD DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to
imprisonment for life. The Fifth Court of Appeals affirmed his conviction. Chabot v. State, No. 05-86-01168-CR (Tex. App.-Dallas, delivered Oct. 27, 1987, pet. ref'd).

 Applicant contends, among other things, that (1) he was convicted based on the perjured testimony
of Gerald Pabst; (2) the State failed to disclose that Pabst had denied in an initial polygraph having
knowledge of the murder, but contradicted himself in a second polygraph and admitted that he had been
present at the complainant's house and threatened by Applicant when the complainant was murdered; (3)
the State failed to disclose that it had agreed not to prosecute Lauren Jay Fair in exchange for his
cooperation with the State in its case against Applicant; and (4) the cumulative effect of the State's failure
to disclose Pabst's inconsistent polygraph statements and Fair's non-prosecution agreement, together with
the State's failure to disclose a plea agreement Pabst had reached with the State before the end of
Applicant's trial, (1) violated Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

 The trial court entered findings of fact and conclusions of law, and recommended that we grant
Applicant a new trial based on Pabst's perjured testimony. We believe, however, that the trial court should
make further findings of fact and conclusions of law on Applicant's remaining claims. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant's Brady claims are
procedurally barred under Tex. Code Crim. Proc. art. 11.07, § 4. If the trial court concludes that they
are not, it shall make findings as to whether the State failed to disclose Pabst's inconsistent polygraph
statements and Fair's non-prosecution agreement and, if so, whether such evidence was favorable and
material. If the trial court finds that the State failed to disclose either Pabst's inconsistent polygraph
statements or Fair's non-prosecution agreement, it shall also make findings of fact as to whether the
cumulative effect of this evidence, together with the State's failure to disclose Pabst's plea agreement with
the State, violated Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The trial
court shall make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: December 12, 2007

Do not publish

1. In the -01 application, the trial court found that Pabst's plea agreement was Brady material but
concluded that the agreement, by itself, was not material.